**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4378**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

TREVOR A. ROBINSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   W. Earl Britt, Senior District Judge.  (5:13-cr-00077-BR-1)

Submitted:  December 19, 2014          Decided:  January 8, 2015

Before NIEMEYER, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Halerie F. Mahan, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Erin C. Blondel, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trevor A. Robinson appeals the forty-six month, within-Guidelines sentence imposed following his guilty plea to illegally reentering the United States subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2) (2012). He argues that the district court failed to explain its chosen sentence and that the sentence is substantively unreasonable. We affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first ensure that the district court committed no "'significant procedural error,'" including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51).

Robinson first challenges the district court's explanation of the sentence. In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while the district court must consider the statutory factors and explain the sentence, it need not "robotically tick through" every § 3353(a) factor on the record, particularly when the court imposes a sentence within the properly calculated

2

Guidelines range.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  At the same time, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50.  While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

We conclude that the district court adequately explained its decision to impose a within-Guidelines sentence when it rejected Robinson's request for a downward departure. The court considered several of the § 3553(a) factors within this discussion, including the nature and circumstances of the current offense; Robinson's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, to provide deterrence and just punishment, and to promote respect for the law.  The district court noted that Robinson's prior federal convictions were serious and that he had demonstrated disrespect for the law when he continued to use marijuana upon his return to the United States.  The court rejected Robinson's argument that his anticipated removal from the United States following service of the sentence weighed in favor of a lower sentence, pointing out that this concern applied to all immigration cases and that there needed to be

3

some punishment for returning to the United States after deportation.

Next, Robinson argues that his sentence is substantively unreasonable. Substantive reasonableness is determined by considering the totality of the circumstances. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citations omitted), cert. denied, 135 S. Ct. 421 (2014).

We conclude that Robinson has failed to rebut the presumed reasonableness of his within-Guidelines sentence. The district court assessed the totality of the circumstances, including the applicable § 3553(a) factors, in concluding a Guidelines sentence was necessary. The court noted that Robinson had quickly returned to the United States after his prior deportation and had demonstrated a disregard for the laws of this country through his criminal record and admissions at sentencing.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED